## Commonwealth v. Miller

*Kim L. White, assistant district attorney,* for the commonwealth.

*William W. Boyd,* for defendant.

PEREZOUS, *J.*, June 8, 1989 — Presently before the court are the post-trial motions of defendant, Charles Walter Miller, to his convictions for rape, 18 Pa.C.S. §3121; statutory rape, 18 Pa.C.S. §3122; incest, 18 Pa.C.S. §4302; corruption of minors, 18 Pa.C.S. §6301; and indecent assault, 18 Pa.C.S. §3126.

Defendant has advanced three reasons to support his motion in arrest of judgment and five reasons to support his motion for a new trial. Defendant has briefed only two of the reasons supporting his motions. Therefore, pursuant to local rule 31 the reasons which have not been briefed by defendant are waived.

On August 9, 1988, an omnibus pretrial motion was filed by defendant which included a motion to dismiss and a motion in limine. The commonwealth answered both of these motions. On August 22, 1988, the court in an order by the Honorable Louis J. Farina denied the motion in limine. On September 7, 1988, the court, under an order issued in open court by the writer of this opinion, denied the motion to dismiss. On September 8, 1988, pursuant to 18 Pa.C.S. §3104, defendant presented "defendant's offer of evidence of victim's sexual conduct." After argument on the record this offer was refused.

The commonwealth alleged at trial that on one occasion during July or August 1985, defendant sexually assaulted his 12-year-old daughter, Christy Miller. Defendant attempted to introduce a statement by the victim made after September 1985 to her sister, Veena Miller, that she had had sex with a boyfriend after September 1985 and it was her *first* sexual experience. Defendant claimed that the statement impeached the victim's credibility since it was evidence that the victim had sex with no one during the summer of 1985. Defendant was therefore contradicting the victim's assertion that she had sexual intercourse with her father during the summer of 1985. The commonwealth objected to the introduction of the statement and this objection was sustained.

In rebuttal the commonwealth introduced statements made by the victim to two of her friends. In each of these statements the victim said to her friends that her father had had sexual intercourse with her. The commonwealth contended that these statements were admissible as prior consistent statements which tended to bolster the victim's credibility. Defendant's objection that the statements were inadmissible hearsay was overruled.

## ISSUES

The first issue is whether the Rape Shield Statute, 18 Pa.C.S. §3104, prohibited the introduction of the victim's statement to her sister that she had sexual relations with a boyfriend in September 1985 and it was her first time. On September 8, 1988, Mr. Boyd, defense counsel, and Ms. White, assistant district attorney, were in the judge's chambers when the following occurred:

THE COURT: Let's go on the record. There has been filed by counsel for the defendant an offer of evidence of the victim's sexual conduct whereby Charles Miller would offer testimony by another of his daughters, Veena,, V-e-e-n-a, that the victim, her sister, Christy Miller, admitted to her that she, Christy, had sexual relations with a boy her age and it was her first time.

These relations taking place approximately in September of 1985.

Now, Mr. Boyd, do you wish to elaborate at all on that?

MR. BOYD: Yes. Well, it's the defense's position that the testimony would come in either on cross-examination of the victim, Christy Miller, or on the defense's case in chief.

The sole purpose for which is to permit the jury to determine the credibility of the victim when — as to the time that this offense took place.

It would be our contention that if the testimony comes in and the testimony is that this incident with Christy and the boy her own age took place in or after September 1985 and the jury were to find or were to believe that this indeed was her first sexual encounter of this nature, that they would not be inclined to believe that she had a sexual relationship

with her father prior to that and it would be for that purpose that we would offer this testimony.

THE COURT: All right, Miss White?

MS. WHITE: It would be the commonwealth's position that there was an in camera hearing held that the victim would testify that, in fact, this conversation did take place; that, in fact, she did say yes to the question, I had sex for the first time and that she would go on to explain that she did not consider being sexually abused by her father from the time she was a little girl as the same thing as having voluntarily and consensual sexual intercourse with someone that she has feeling for and wanted to participate with.

Consequently, that negates any inconsistent statement that the defense would want to raise any issue of credibility and would leave that evidence only in to show the moral turpitude of the victim, which is directly against the rape shield statute.

THE COURT: Off the record for a moment.

(Discussion off the record.)

THE COURT: Back on the record. I have reviewed *Commonwealth v. Black* at 331 Pa. Super. 548[, 487 A.2d 396 (1985)] and based on the motion and offer of proof as has been stated, the court determines that they are not sufficient on their faces to show — to reveal — strike to reveal — to impeach the credibility of the prosecutrix and certainly not to reveal a specific bias against the defendant or a motive to falsely accuse the defendant.

Furthermore, the court also determines that the introduction of the proffered evidence by the defendant constitutes a collateral issue which would likely —which would be likely to distract the jury. And the court thereby refuses the offer of proof.

MR. BOYD: Off the record.

(Discussion held off the record.)

MR. BOYD: Then, Your Honor, defense would like the opportunity to present testimony during its case in chief as to the conversation alluded to earlier and argue at that time, out of the presence of the jury, or in chambers, that the sexual experience about which Veena Miller had a conversation with her sister, Christy Miller, took place after the time of the relationship between Christy and her father, the defendant in this case, and we would at that point argue then that this is not past sexual conduct as that term is used in section 3104 of the Crimes Code but that it is conduct which occurred after the date of the contacts between the defendant and his daughter, Christy, and therefore, would not come within the parameters of the rape shield statute.

And I would then make a point, if we demonstrated that, to proceed to reopen this issue.

THE COURT: All right. The record is protected to that extent and your course of action can be determined by the evidence that's introduced in behalf of the commonwealth. Okay, Now, off the record.

The introduction into evidence of Christy Miller's statement and her explanation of that statement would have had three consequences. The first would have been to cast doubt upon the credibility of the victim's statement that defendant had had sexual relations with her in July/August 1985. The second would have been to introduce evidence of another sexual experience of the victim. The third would have been to introduce additional and possibly myriad allegations of sexual abuse of the victim by defendant.

Although the trial judge, in announcing his ruling, stated that the offer of proof and motion of defendant were insufficient "on their faces" to impeach the credibility of the prosecutrix under the Rape Shield Law or to reveal a specific bias against

defendant under *Commonwealth v. Black,* 337 Pa. Super. 548, 487 A.2d 396 (1985) or a motive to falsely accuse defendant, it would appear, on review of the transcript, that the court indicated the basis for its ruling too narrowly and that, instead, should have expressly stated that its rationale was based not only on the stipulated summaries of testimony but also upon the *clarification* of the victim herself that "she did not consider being sexually abused by her father from the time she was a little girl as the same thing as having voluntarily and consensual intercourse with someone that she had feeling for and wanted to participate with."

Without the victim's explanation, her statement as to having had sex for the first time becomes nothing more than an admission of sexual conduct with someone other than defendant which is specifically proscribed by section 3104 of the Crimes Code. With her explanation, her statement is expanded into an accusation of sexual abuse by the father from the time she was a little girl. This would have been extremely prejudicial so as to inflame the minds of the jury *against defendant.* The trial court made the balancing determination between the probative value of the entire statement of the victim and the unfair prejudice to defendant and disallowed its introduction into evidence because the possible relevancy was substantially outweighed by the likelihood of prejudicial effect. Whether the evidence should have been admitted or excluded must rest in the exercise of a sound discretion by the trial court, *Black* at 561, 487 A.2d at 401. After all the effects of victim's statement and her explanation were considered and weighed, the court in its discretion decided to not allow the prejudicial statement into evidence.

Defendant's second argument in support of his

post-verdict motion is that the court erred when it allowed into evidence hearsay testimony of Dawn Thompson and Barbara Barnett that in 1986 and 1987 the victim had stated to them that she had been sexually abused by her father. In effect the commonwealth offered into evidence prior consistent statements of the victim concerning her sexual abuse by defendant.

Prior consistent statements may be offered for the purpose of rehabilitating a witness who has been impeached by an allegation that his trial testimony is "recently" fabricated, biased, or influenced by corrupt motives and, when so offered, do not constitute hearsay. *Commonwealth v. Griffin*, 511 Pa. 553, 515 A.2d 865 (1986). In order for the prior statement to be admissible, it must have been made before its effect on the case could have been foreseen or before the corrupt motive or influence existed. *Commonwealth v. Wilson*, 394 Pa. 588, 148 A.2d 234 (1959), cert. denied, 361 U.S. 844, 80 S.Ct. 97, 4 L.Ed. 2d 82 (1959); *Commonwealth v. Gore*, 262 Pa. Super. 540, 396 A.2d 1302 (1978). "It is not necessary that the impeachment be explicit, i.e., that an actual allegation of recent fabrication be made, but only that a jury be able to reasonably infer that such is occurring." *Gore* at 550, 396 A.2d at 1307.

The aforementioned cases disclose two conditions which must be met before prior consistent statements will be admitted into evidence: (1) That there is at least an implied allegation of recent fabrication of the prior consistent statements; and (2) that the prior consistent statement antedated the existence of the motive for fabrication.

Defendant denied the accusations against him. He offered other witnesses' testimony that he was not at the location of the alleged incident during the period of time it was alleged to have occurred.

Defendant was denying that the incident took place and in so doing he was implying that the victim was fabricating the charges. Hence, the first precondition was satisfied.

The statements to the witnesses clearly antedated the existence of a motive for fabrication since the statements occurred in 1986 and 1987 and charges were not filed until 1988. Therefore, the two conditions which must be met before prior consistent statements will be admitted were satisfied and the statements were properly admitted into evidence.

Accordingly, we enter the following

## ORDER

And now, June 8, 1989, for the reasons stated in the attached opinion, defendant's, Charles Walter Miller, motions in arrest of judgment and for a new trial are hereby denied and he is directed to appear for sentencing at the call of the district attorney, after a presentence investigation has been prepared and filed by the Lancaster County Office of Probation and Parole.